UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM HART

VERSUS

THE OLD EVANGELINE DOWNS, LLC,
ET AL

CIVIL ACTION

NUMBER 14-644-BAJ-SCR

**ORDER TO AMEND COMPLAINT**

Plaintiff William Hart filed his Complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff alleged that he is a citizen of Mississippi, and the "defendants are citizens and/or residents of a state other than Mississippi."[1] Plaintiff specifically alleged that the defendant Old Evangeline Downs, LLC is a "corporation incorporated under the laws and statutes of the State of Louisiana, authorized to do an doing business in the State of Louisiana and within the jurisdiction" of this court.

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

---

[1] Record document number 1, Complaint, ¶¶ 1, 2. The other defendant, ABC Insurance Company, is a fictitious entity whose citizenship is ignored for the purpose of this order.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a corporation the party asserting jurisdiction must alleged both the state(s) of incorporation and the principal place of business. For a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4] Use of "LLC" in the entity's name usually means the entity is organized as a limited liability company rather than a corporation.

Defendants' jurisdictional allegations are not sufficient to determine whether there is diversity of citizenship. Although the defendant uses the "LLC" designation in its name, the plaintiff alleged that it is a corporation rather than a limited liability company. The form of organization matters in determining whether

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

the court has subject matter jurisdiction. And if it is actually organized as a corporation, the plaintiff failed to allege the state where the defendant has its principal place of business. Whether the defendant is organized as a corporation or as a limited liability company, where the defendant is authorized to do business does not determine its citizenship.

Therefore;

IT IS ORDERED that plaintiff William Hart shall have seven days to file an amended complaint which clarifies the defendant's form of organization and properly alleges the defendant's citizenship.

**Failure to comply with this order may result in the case being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, October 9, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE